# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1747

_____

United States of America

*Plaintiff - Appellee*

v.

David Zehringer, doing business as Zehringer Farms, doing business as Pleasant
Hollow Farms

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: September 18, 2012
Filed: October 10, 2012
[Unpublished]

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Defendant David Zehringer appeals the district court's[1] denial of his February 29, 2012 motion to recalculate the restitution component of his unappealed February 26, 2002 criminal sentence. Because the district court lacked authority to recalculate restitution at the time Zehringer filed his motion, and because his arguments are inconsistent with stipulations he made through counsel at sentencing, we affirm the judgment of the district court.

I.

Zehringer borrowed approximately $2.5 million in the 1990s. He appears to have used approximately $1.5 million of the borrowed funds as an agricultural operating loan and the remainder to purchase approximately $1 million in equipment and machinery. In 2000, he was charged with several offenses alleging false statements or fraud related to the loan application process. On December 7, 2001, Zehringer pleaded guilty to one count of making a material false statement in connection with a loan application in violation of 18 U.S.C. § 1014. In a plea agreement, Zehringer, through counsel, stipulated that the amount of restitution due was $375,767.00 taking into consideration "the amount received and the amount recovered through the sale of pledged assets." He received a sentence of six months' home confinement and five years' supervised release and was ordered to pay the stipulated amount of restitution. He filed no direct appeal.

In 2007, Zehringer's supervised release ended, and the government obtained a garnishment order against him. In 2008, Zehringer filed motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence alleging ineffective assistance of counsel. The district court denied the motion as untimely and as procedurally defaulted. Again, he filed no appeal.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

On February 29, 2012, Zehringer filed the present motion to recalculate the amount of restitution. Zehringer, citing 18 U.S.C. § 3563, alleged the district court failed to take into account the full extent of money received by the victim of his offense through the sale of pledged collateral. The district court denied the motion without comment.

## II.

Section 3563(c) authorizes district courts to "modify reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation . . . ." Zehringer, however, was neither on probation nor subject to supervised release at the time he filed his motion. The plain language of § 3563(c) includes a temporal limitation that is not satisfied in this case. As such, the statute provides no basis for the district court to amend an earlier, unappealed judgment. Zehringer cites no authority suggesting that a court may recalculate the restitution amount in an unappealed ten-year-old judgment for a defendant who is not on probation and who has completed terms of home confinement and supervised release.

Even if authority existed to permit amendment of the restitution amount on the present facts, Zehringer's substantive arguments lack merit. In his plea agreement he stipulated that the $375,767.00 was an "amount representing the principal amount of the original loan reduced by the amount recovered from assets pledged to secure the loan." To the extent this stipulation was made in error, he needed to raise this issue at an earlier time. To the extent the stipulation was the result of attorney error, his present motion is an impermissible attempt to revive his already-rejected, untimely, and procedurally defaulted § 2255 motion alleging ineffective assistance of counsel.

We affirm the judgment of the district court.

_____

-3-